UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TADARRA DEWOYNE SCRANTON TRUST and TADARRA DEWOYNE SCRANTON,<br><br>    Plaintiffs,<br><br>v.<br><br>ROBERT H. DIERKER, JR., et al.,<br><br>    Defendants. | No. 4:19-CV-111-DDN |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Tadarra Dewoyne Scranton for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $21.66. *See* 28 U.S.C. § 1915(b)(1). In addition, for the reasons discussed below, the Court will dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly balance of $108.33. The Court will therefore assess an initial partial filing fee of $21.66, which is twenty percent of plaintiff's average monthly balance.

## Background

On April 2, 2018, plaintiff filed a complaint in this Court seeking relief against defendants Robert H. Dierker, Jr., Mariano Favazza, Jennifer M. Joyce, Robert Craddick, Anne Presythe, and Corizon Health Services. *See Scranton v. Dierker, et al.*, Case No. 4:18-CV-504-CDP (E.D. Mo. Apr. 2, 2018) (hereafter "*Scranton I*"). Plaintiff sought and was granted leave to proceed in forma pauperis.

In *Scranton I*, plaintiff identified the plaintiffs and "intervenors" as himself, the Tadarra Dewoyne Scranton Trust, Jacob Lew (whom plaintiff identified as the U.S. Secretary of Treasury), Melba Acosta (whom plaintiff identified as the Puerto Rican Secretary of Treasury), "the UNITED STATES OF AMERICA, INC.," and Donald J. Trump. Plaintiff's *Scranton I* complaint was titled "Complaint Under Maritime Law and Admiralty Act, Truth in Admiralty Act, and the Commercial Instruments and Maritime Liens Act." Plaintiff contended his case was an admiralty case, and this Court had jurisdiction to consider his claims under admiralty law. He claimed he created the "Tadarra Dewoyne Scranton Trust" of which he is part of the "secured collateral and cargo." He claimed the defendants had no authority over him or his state criminal proceedings, and that he, as trustee, brought the action to obtain possession and control over himself as property, or as a "vessel" or "cargo."

On August 1, 2018, the Court dismissed *Scranton I* as legally and factually frivolous on initial review under 28 U.S.C. § 1915(e). *See Scranton I* at ECF No. 12 (Aug. 1, 2018).

## Discussion

Less than two months after this Court's dismissal of *Scranton I*, plaintiff filed the identical 33-page complaint in the United States District Court for the District of Columbia ("*Scranton II*"). On December 31, 2018, the District Court for the District of Columbia transferred *Scranton II* to this Court because plaintiff had not established venue in the District of Columbia. *See* ECF No. 7. This Court opened *Scranton II* as a new case, and assigned it case number 4:19-CV-111-DDN.

Plaintiff's complaints in *Scranton I* and *Scranton II* are identical. That is, plaintiff's claims here are identical to those that were dismissed as frivolous in his closed case, *Scranton I*. While the dismissal of *Scranton I* "does not bar future litigation over the merits of a paid complaint making the same allegations as the dismissed complaint," a § 1915(e)(2)(B) dismissal "has res judicata effect 'on frivolousness determinations for future in forma pauperis petitions.'" *Waller v. Groose*, 38 F.3d 1007, 1008 (8th Cir. 1994) (per curiam) (citing *Denton v. Hernandez*, 504 U.S. 25 (1992)); *see also Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (§ 1915(e) dismissal has res judicata effect on future IFP petitions). Additionally, the Eighth Circuit has held that a complaint that is duplicative or repetitive of another complaint is frivolous. *Aziz v. Burrows*, 976 F.2d 1158, 1158-59 (8th Cir. 1992).

Accordingly, this Court determines the § 1915(e)(2)(B) dismissal of *Scranton I* has res judicata effect and establishes that this second, identical complaint is frivolous for § 1915(e) purposes. The Court will therefore dismiss the complaint as frivolous under § 1915(e).

Accordingly,

-3-

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $21.66 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will accompany this memorandum and order.

Dated this 21st day of February, 2019.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE